O'BOYLE v. NEW YORK STEAM CO. et al.

(District Court, E. D. New York. November 15, 1918.)

WHARVES ⊜⇒20(3, 5)—UNSAFE BERTH FOR DISCHARGING—LIABILITY FOR IN-
JURY TO VESSEL.

Consignee of a coal cargo *held* in fault for injury to the boat, caused by
giving her an unsafe berth for discharging, where she rested on the
bottom at low tide; and the master of the boat also *held* negligent in
making no effort to ascertain the depth of water.

In Admiralty. Suit by Joseph F. O'Boyle, owner of the boat Stella
Murphy, against the New York Steam Company and another. Decree
for libelant for half damages.

Macklin, Brown & Purdy, of New York City, for libelant.
Frederick E. Fishel, of New York City, for respondents.

GARVIN, District Judge. A libel has been filed by the owner of
the boat Stella Murphy against the New York Steam Company and
the Coal & Delivery Company, Incorporated, alleging that the Stella
Murphy, laden with a cargo of coal consigned to the respondents at
Newtown Creek, arrived at the place of business of the latter on or
about August 4, 1917; that the respondent failed to provide a proper
and safe berth for the Stella Murphy; that as a result she grounded
on the falling tide and was damaged.

The acts of negligence complained of are as follows:

(1) In that, being the consignees of said cargo, the respondents failed and
neglected to furnish a proper, suitable, and safe place for the libelant's boat
to lie at upon her arrival at her destination and until her cargo had been
discharged.

(2) In furnishing for the libelant's said boat an unsuitable, unsafe, and
improper berth, where the bottom was sloping, uneven, and of a hard sub-
stance.

(3) In failing to notify the libelant and those in charge of libelant's said
boat of the dangerous and unsafe condition of the berth to which libelant's
said boat was assigned.

There is no real dispute as to the material facts.

In view of the fact that no effort was made by the master of the
Stella Murphy to ascertain how much water there was when he tied
up at the respondents' wharf, it cannot be said that he was free from
negligence. The Dave and Mose (D. C.) 49 Fed. 389.

But the owner of the pier was under a duty to employ reasonable
diligence to have the place safe and proper for the vessel to lie. Un-
ion Ice Co. v. Crowell et al., 55 Fed. 87, 5 C. C. A. 49.

In the case of Nelson v. Phœnix Chemical Works, 7 Ben. 37, Fed.
Cas. No. 10,113, the libel was dismissed; but that was not a case of
inequality in the surface of the bottom.

It seems to me that The Dave and Mose, supra, is controlling. There
will therefore be a decree for the libelant for one-half the amount of
his damage, with order of reference to ascertain the amount.

⊜⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes